IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEDRO GALICIA-
HERNANDEZ,
                Plaintiff,

      v.                           CASE NO. 13-3058-SAC

SAM CLINE, Warden,
et al.,
                Defendants.

**MEMORANDUM AND ORDER**

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Plaintiff claims that he was assaulted by two other inmates and that "prison staff" violated his rights under the Eighth Amendment by failing to protect him. Plaintiff is assessed an initial partial filing fee, and is required to show cause why this action should not be dismissed for failure to allege facts showing the personal participation of either defendant in the alleged incident as well as for failure to allege sufficient facts to state a federal constitutional claim.

**FILING FEE**

The statutory fee for filing a civil rights complaint is $350.00. Plaintiff has submitted an Application to Proceed without Prepayment of Fees (Doc. 2). He is reminded that under 28 U.S.C.

1

§ 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1]

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $56.66, and the average monthly balance was $26.46. The court therefore assesses an initial partial filing fee of $ 11.00, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**ALLEGATIONS AND CLAIMS**

---

[1] Under § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Plaintiff's allegations and exhibits attached to his complaint indicate the following factual background for this lawsuit. On September 21, 2012, plaintiff was assaulted in the rotundra at the HCF by two general population inmates. At the time he was in restraints and being escorted during mass movement by Msgt. Widner from segregation to the general population clinic. He was maced along with the other inmates when Widner broke up the incident. He complains that "prison staff" failed to protect him from injury caused by the other inmates.

Plaintiff alleges that he exhausted administrative remedies on his claims. The Unit Team response to his initial grievance included:

> By policy all segregation clearances are done at the clinic. By procedure, when the clinic calls for you or the officers need to take you to the clinic, they are allowed to do so. . . . Officer Widner used his OC Spray to try to contain the situation. . . . Officer Widner was within the scope of his job by taking you to the general population clinic and by his use of the OC spray.

Complaint, Doc. 1-1. The Secretary of Corrections affirmed the administrative decision on November 6, 2012.

Plaintiff names as defendants Sam Cline, Warden, HCF; and Ray Roberts, Secretary of Corrections. He seeks a declaration that his constitutional rights were violated, and compensatory damages in the amount of $15,000 from each defendant.

**SCREENING**

Because Mr. Galicia-Hernandez is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**DISCUSSION**

The court finds that this complaint is deficient in at least three ways. First, plaintiff utterly fails to describe any act or omission on the part of either defendant showing his personal involvement in the alleged assault incident. An essential element of a civil rights claim against an individual is that person's direct

5

personal participation in the acts or inactions upon which the complaint is based. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Neither Cline nor Roberts is alleged to have been present, and plaintiff fails to describe any wrongdoing by either. Plaintiff may have named Cline and Roberts as defendants based upon their supervisory capacity. However, a prison official's liability may not be predicated solely upon the theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). Plaintiff does not cite any particular policy that was promulgated by either defendant and explain how it resulted in the assault. The fact that these defendants affirmed decisions regarding plaintiff's grievance on this incident is not sufficient to hold them liable for the assault.

Second, plaintiff fails to allege sufficient facts to state a plausible claim of the violation of a federal constitutional right. He baldly states his opinion that defendants should have had a policy or procedure in place to prevent the incident, but provides no suggestion as to what policy or procedure would have prevented what

6

appears to have been a random assault by two general population inmates in a common area. The Supreme Court has made clear that prison officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)(internal quotation marks and citations omitted); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Nevertheless, it is not "every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm," *id.*; and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Deliberate

7

indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.*

To state a claim under the foregoing standards, plaintiff must allege facts indicating that defendants were actually conscious of a risk to plaintiff rather than that they should have been, or that the risk was so obvious awareness of it may be presumed. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to a prisoner's constitutional rights. *Hovater*, 1 F.3d at 1068. Plaintiff was provided security while he was being escorted to the clinic in that a correctional officer was escorting him, and the officer was able to stop the assault with spray. Plaintiff does not allege facts indicating that either

8

defendant was made aware of a risk that he would be attacked, as from him having been the victim of prior attacks or reported threats. Nor does he allege there were prior attacks on others in the same area or any type of prior administrative findings that security in the area was inadequate, which actually put defendants on notice. Plaintiff's allegations describe an isolated assault by two other inmates and are simply insufficient to be construed as a pervasive risk of harm that prison officials were aware of and yet failed to reasonably respond to. The court concludes that this action is subject to being dismissed for failure to state sufficient facts to support a federal constitutional violation.

Finally, the court finds that plaintiff has not alleged facts suggesting that he suffered a serious physical injury during the assault incident. 42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff seeks compensatory damages and is therefore required to show physical injury.

Mr. Galicia-Hernandez is given time to cure the deficiencies in his complaint that have been discussed herein. If he fails to do so within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30)

days in which to submit to the court an initial partial filing fee of $ 11.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that with the same thirty-day time period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein including failure to allege sufficient facts to support a constitutional claim.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge