IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEDRO GALICIA-
HERNANDEZ,

               Plaintiff,

      v.                               CASE NO.  13-3058-SAC

SAM CLINE, Warden,
et al.,

               Defendants.

**MEMORANDUM AND ORDER**

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). The court screened the complaint and entered a Memorandum and Order setting forth deficiencies found therein. Plaintiff was required to show good cause why this action should not be dismissed on account of those deficiencies. The matter is before the court upon plaintiff's Response.[1] Having considered all materials in the file the court concludes, for reasons stated herein and in the court's prior Memorandum and Order, that this action must be dismissed for failure to show personal participation in the alleged incident by either defendant and for failure to state sufficient facts to establish

---

[1] The court also required plaintiff to submit an initial partial filing fee, and he complied. As a result, his motion to proceed without prepayment of fees is granted.

1

deliberate indifference on the part of either defendant.[2]

**ALLEGATIONS AND CLAIMS**

In its prior Memorandum and Order, the court set forth plaintiff's allegations and claims. Plaintiff makes no objections or corrections to the court's summary. In his Response he alleges additional facts. Thus, plaintiff now alleges the following facts in support of his claims. At the time this claim arose, plaintiff was a "seg inmate" classified as "Other Security Risk" and housed in A3 cellhouse in the Special Management Unit where "they were also housing population inmates." On September 21, 2012, he was involved in a fight in A3 cellhouse with a population inmate. Both inmates were subdued, restrained, and escorted to the original segregation unit. The other inmate was taken into the sickcall room to be cleared, and plaintiff was put in the shower while waiting to be cleared. Msgt. Widner decided to take plaintiff to the population clinic, and he and other officers went in escort. Plaintiff was in cuffs and bellychains. Halfway down the rotunda, plaintiff was aggressively approached and attacked by another inmate while he was under the supervision of Msgt. Widner. Widner failed to prevent this attack. Plaintiff fell and "was directly maced," which made his situation even more

---

[2] The court also found that plaintiff had not alleged facts to show actual injury in support of his claim for compensatory damages. In his Response, plaintiff makes additional allegations of serious injuries.

unsafe because he could not see from where the hits to his head and face were coming. He was maced along with the other inmates when Widner broke up the incident. The incident was contained after "about 2-3 min." Plaintiff was put in a shower to wash off the mace and placed in a cell. Pictures were taken of his head and face.

Plaintiff filed a grievance regarding this incident, and the Unit Team responded that when "officers need to take you to the clinic, they are allowed to do so;" that "Officer Widner used his OC Spray to try to contain the situation;" and Widner "was within the scope of his job by taking you to the general population clinic and by his use of the OC spray." Complaint, Doc. 1-1.[3] The Secretary of Corrections affirmed this decision.

Plaintiff has correctly asserted that the Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners. He claims that defendants Cline and Roberts "should have had policy and or procedures in place" so the incident that occurred while he was being escorted in restraints "should never have happened to (him)." He seeks a declaration that his constitutional rights were violated, and compensatory damages in the amount of $15,000 from each defendant.

---

[3]   Plaintiff does not provide either the content or a copy of the Warden's response to his appeal of this grievance.

3

In his Response, plaintiff adds allegations regarding injuries from the incident and medical treatment. Following this incident, plaintiff suffered from "shoulder and head trauma" and "was in severe pain."[4]

In his Response, plaintiff adds the following allegations of other incidents. A couple months before this incident, "similar assaults and fights were happening on a consistent basis." This made "the Administration change yards between the groups" that were fighting each other, which shows "they were well aware of the problem;" and this would have made Sam Cline, as HCF Warden, aware. On "another occasion" the officer left an inmate in cuffs on "our yard" that was using the computer and an inmate from population on the other side of A3 cellhouse attacked him. That inmate tried to defend himself; the officer heard the commotion, returned and broke it up; but the handcuffed inmate, like plaintiff, was unnecessarily maced when he was "only trying to fend off attacker." "Those two incidents" made "them move population out of A3 cellhouse" because "they" realized there

---

[4] Plaintiff further alleges that he sought medical attention, was only given Tylenol and another pill that never stopped the pain, had blurry vision for a while, and suggested that he be given a cat scan or x-ray because he "felt something seriously wrong" with his head. However, "the doctor declined" saying he "most likely just had" inflammation in his brain from the blows. These allegations are made in plaintiff's Response and not in a complete and proper Amended Complaint. They are not sufficient to add an Eighth Amendment claim of denial of medical care to this action, which is against Cline and Roberts. Plaintiff does not allege that either defendant was personally involved in his medical care. In order to pursue a denial of medical care claim, plaintiff would need to file a separate complaint naming proper defendants.

were problems between the two groups involved in the fights. Therefore, the staff at HCF "was well aware of this issue." Cline was "well aware" because "Administration did not wanna (sic) let us out in population due to . . . placing us in danger." "Sam Cline being the warden failed to provide proper caution as to our risk of being attacked."

**DISCUSSION**

Because Mr. Galicia-Hernandez is a prisoner, the court is required by statute to dismiss the complaint or any portion thereof at any time that the court determines it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

Plaintiff names Sam Cline, Warden, HCF and Ray Roberts, Secretary of Corrections, as the only defendants. In its prior Memorandum and Order, the court first noted that personal participation is an essential element of a civil rights claim and found that plaintiff utterly failed to describe any act or omission on the part of either defendant showing their personal involvement in the alleged assault incident. The U.S. Supreme Court recently reaffirmed in *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) that:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. (Citations omitted). Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

5

> Government-official defendant, through the official's own individual actions, has violated the Constitution.

*Id.* In his Response, plaintiff concedes that "Cline and Roberts did not commit the 8th Amendment violation." Nevertheless, he continues to argue that these two defendants "became responsible for it in the course of they (sic) supervisory responsibilities." As plaintiff was advised in the court's prior Memorandum and Order, prison officials may not be held liable based solely upon a theory of respondeat superior. Instead, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Plaintiff's conclusory allegations and vague generalizations are simply insufficient to show the requisite personal participation in the alleged constitutional violation by either named defendant, including his claims that the "Administration" should have known of "problems" because of (inadequately-described) "similar assaults and fights" and that changes made after the assault upon him in the rotunda and the assault on an undisclosed date upon another inmate in the A3 cellhouse somehow establish Cline's prior awareness "of the problem." An "affirmative link" must exist between the constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id*. at 1527. Plaintiff

alleges no facts to establish such a link between defendants and the person or persons who actually made the decisions and took action during the assault incident. This link might also be shown if "a supervisor has established or utilized an unconstitutional policy or custom." *Id*. at 1528. However, plaintiff makes no attempt to describe an unconstitutional policy or custom that was established by either Warden Cline or Secretary Roberts. His bald suggestion in his complaint that "Administration" should have had a policy to prevent what happened to him is nothing more than a conclusory statement. As plaintiff was informed, the court will not supply additional factual allegations to round out his complaint or construct a legal theory on a his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court repeats that the fact that defendants affirmed the denial of plaintiff's grievance after this incident is insufficient to render either defendant liable for the assault.[5]

---

[5] The court further notes that plaintiff did not mention either defendant in his grievances and complained only about the decision, initial inaction, and actions of Widner on that particular day. Thus, plaintiff's own exhibits indicate that he did not exhaust administrative remedies as mandated by 42 U.S.C. § 1997e(a) on the claim that he was injured as a result of defendants lacking a policy to prevent the incident.

The court concludes that plaintiff has not alleged facts to establish the requisite element of personal participation on the part of either defendant Warden Cline or defendant Secretary Roberts in the alleged unconstitutional failure to protect him from the assault by two inmates that occurred on September 21, 2012, while he was being escorted through the rotunda by Officer Widner. His legal arguments and citations in his Response, which are not controlling and even if as represented are contrary to well-settled law, do not convince the court otherwise.[6]

Furthermore, plaintiff still fails to allege facts establishing that either defendant acted with deliberate indifference. As plaintiff was advised, a prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component under which the inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm," and a subjective component under which the inmate must show that defendants acted with the culpable state of mind referred to as "deliberate indifference." Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("A prison official cannot be found

---

[6] A pro se plaintiff is not required to present legal citations, and plaintiff's efforts were doomed given the settled law on supervisory liability. It follows that his lack of legal ability was not the cause of the inadequacy of his claims.

liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).  Deliberate indifference requires "a higher degree of fault than negligence."

The court previously found that plaintiff failed to allege facts indicating that either defendant was made aware of a risk that plaintiff would be attacked while being escorted to the population clinic.  Plaintiff does not allege any additional facts showing that he made defendants aware prior to the September 2012 incident of an earlier attack under similar circumstances or that he was in danger from his attackers.  His vague allegations of prior attacks on others are not supported by sufficient facts such as when and where each alleged assault occurred, who was involved, and the outcome.  The only incident adequately described within plaintiff's allegations is the isolated assault upon him by two other inmates while he was being escorted through the rotunda.  His additional allegations that Administration should have "separated our yards and class" and that their eventually doing so shows awareness, fail to suggest how this separation in A3 cellhouse would have prevented the

assault upon plaintiff in the rotunda. Moreover, these allegations are conclusory for the most part and are insufficient to plausibly suggest that each defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm to plaintiff existed, and that each also drew the inference. The court concludes that the complaint's "factual allegations are clearly not "enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The same is true of plaintiff's claim, if any, of excessive force. Plaintiff alleges that his being sprayed with mace during the incident was unnecessary and increased his endangerment. On the other hand, it plainly appears from the response to his grievance that the attack was stopped by Widner's use of mace. In any event, plaintiff utterly fails to allege any facts indicating the direct personal participation of either defendant in his being sprayed with mace.

In summary, this action is dismissed for failure to state sufficient facts to show personal participation and deliberate indifference on the part of either named defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is dismissed and all relief is denied for failure to allege personal participation of defendants and failure to allege facts

sufficient to state a claim under the Eighth Amendment.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 3) is granted.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2015, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**